UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6598 CAS (AGRx) | Date | May 16, 2012 |
|---|---|---|---|
| Title | JOEL D. JOSEPH v. THE STATE BAR OF CALIFORNIA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (In Chambers:) PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60 (filed 04/10/12)

## I. INTRODUCTION

On August 11, 2011, plaintiff Joel D. Joseph filed his initial complaint in this Court against defendant the State Bar of California ("the State Bar") alleging a claim for age discrimination under the Age Discrimination in Employment Act, codified as 29 U.S.C. §§ 621–634. On October 3, 2011, the Court dismissed plaintiff's complaint without prejudice on the basis that the State Bar is a state agency entitled to sovereign immunity pursuant to the Eleventh Amendment. Dkt. No. 13.

On November 1, 2011, plaintiff filed his first amended complaint ("FAC"), which the State Bar again moved to dismiss. On January 23, 2012, the Court held a hearing at which it indicated that it would take the matter under submission and issue an order concerning defendant's motion shortly thereafter. On January 25, 2012, the Court issued an order dismissing plaintiff's case with prejudice. Dkt. No. 22.

Plaintiff filed the instant motion for relief pursuant to Rule 60 on April 10, 2012. The State Bar filed its opposition on April 16, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Defendant is a constitutional entity established in the judicial branch of state government. Cal. Const., art. VI § 9. It was created as an administrative adjunct to assist

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6598 CAS (AGRx) | Date | May 16, 2012 |
|---|---|---|---|
| Title | JOEL D. JOSEPH v. THE STATE BAR OF CALIFORNIA | | |

the California Supreme Court in attorney admission and discipline matters. Cal. Stats. 1927, Ch. 34, Cal. State Bar Act, codified at Cal. Bus. & Prof. Code, §§ 6001 et seq.

Plaintiff, a 63 year-old attorney who has taken and passed bar exams in Maryland and the District of Columbia, has taken the California Bar Exam four times without success. Most recently, plaintiff failed the California Bar Exam in July of 2010. FAC ¶ 10. Plaintiff alleges that the State Bar's grading method discriminated against him on the basis of his age, former residency, and experience. Id. at ¶¶ 19, 34.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6598 CAS (AGRx) | Date | May 16, 2012 |
|---|---|---|---|
| Title | JOEL D. JOSEPH v. THE STATE BAR OF CALIFORNIA | | |

The Ninth Circuit has held that pursuant to Rule 60(b), a court may grant relief from a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit recently confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

**IV.   DISCUSSION**

Plaintiff requests that the Court amend its January 25, 2012 order so that it is not a final judgment. According to plaintiff, he was never served with the Court's order, and therefore failed to timely file an appeal to the Ninth Circuit. Mot. at 2–3.

The Court finds that plaintiff has failed to set forth good cause for the requested relief. In reaching this conclusion, the Court notes that plaintiff's purported failure to receive service was apparently due to his inability to keep the Court informed of his correct address.[1] Pursuant to Local Rule 41-6, plaintiff was required to keep the Court

---

[1] The Court mailed a copy of its January, 25, 2012 order to plaintiff at the address plaintiff used on his pleadings: "9935 South Santa Monica Bld., Beverly hills, CA 90212."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6598 CAS (AGRx) | Date | May 16, 2012 |
|---|---|---|---|
| Title | JOEL D. JOSEPH v. THE STATE BAR OF CALIFORNIA | | |

apprised of his current address. Plaintiff has not set forth any reason why his failure to file a notice of change of address should be excused.[2]

Further, the Court finds that plaintiff is not significantly prejudiced by the denial of this motion. While plaintiff is now unable to appeal the Court's January, 25 2012 order, it does not appear to be a close question whether the State Bar is a state agency entitled to sovereign immunity.

## V.   CONCLUSION

In accordance with the foregoing, the Court hereby DENIES plaintiff's motion for relief pursuant to Rule 60(b).

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |

---

[2] Plaintiff's reliance on <u>Lemoge v. United States</u>, 587 F.3d 1188 (9th Cir. 2009), is misplaced. In that case, the Court found the attorney's failure to timely respond to an order to show cause and to properly serve defendants was excusable due to an injury that required multiple surgeries. In contrast, plaintiff has given no explanation why he waited nearly three months to check on the status of his case. Such inexcusable neglect does not meet the requirements of Rule 60(b).